Allen MONTGOMERY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0703–CR–188.

Court of Appeals of Indiana.

Dec. 13, 2007.

David A. Happe, Lockwood Williams & Happe, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Allen Montgomery ("Montgomery") appeals his two Class D felony convictions for Intimidation and his eleven Class A misdemeanor convictions for Invasion of

Privacy. Montgomery contends that insufficient evidence exists to support his Intimidation convictions because the State failed to prove that the victim was a "judge" within the meaning of the statute. Montgomery further complains that his Invasion of Privacy convictions violate his constitutional rights under Article I, § 9 of the Indiana Constitution and the First Amendment to the United States Constitution and that the trial court erred in imposing a four-and-one-half-year habitual offender enhancement. Finding that sufficient evidence exists to support his two Intimidation convictions, that his constitutional argument is precluded from review, and that the trial court did not err in imposing a four-and-one-half-year habitual offender enhancement, we affirm the judgment of the trial court.

### Facts and Procedural History

On February 19, 2004, Montgomery was convicted of Impersonation of a Public Servant and placed on probation. As a condition of probation, Montgomery was ordered not to have any contact with the Marion County Prosecutor's Office (the "no-contact order") unless the purpose of the contact was to report a crime. On February 25, 2004, for a separate incident, Montgomery was brought before Master Commissioner Nancy Broyles ("Commissioner Broyles") in Marion Superior Court, Criminal Division, Room Five ("trial court") regarding an alleged probation violation. Judge Grant Hawkins ("Judge Hawkins") is the presiding judge of this trial court and appointed Commissioner Broyles and assigned her various duties, including "to hear jury trials, court trials, most everything that [was heard] in that court, with Judge Hawkins' ultimate supervision." Tr. p. 163. Finding that Montgomery violated his probation, Com-

missioner Broyles revoked his probation and ordered him to serve four years in the Indiana Department of Correction.

Shortly after his incarceration and in violation of the February 19 no-contact order, Montgomery began sending letters to the Marion County Prosecutor's Office. Specifically, on March 7, 2004, Montgomery sent a letter to Marion County Prosecutor Carl Brizzi. In total, between March 7, 2004, and June 11, 2005, Montgomery wrote and sent eleven letters to various individuals within the Marion County Prosecutor's Office, none of which involved the reporting of any crimes. Montgomery claims that he wrote these letters for the purpose of "needling" people and "[t]humbing [his] nose at the No Contact Order." *Id.* at 197.

In addition to the letters Montgomery sent to the Marion County Prosecutor's Office, he sent a letter to Commissioner Broyles stating, "You foolishly provided your home address, thereby making it available to anyone with an internet connection. I don't know if you can go back and change that, but I would recommend looking into it. I'd hate to see something happen to you." State's Ex. 14. Additionally, on December 27, 2004, Montgomery sent a letter to Judge Hawkins stating, "You may continue to protect Nancy Broyles, if you like, but I think you will find it to be an exercise in futility." State's Ex. 15. Concerned for her safety and the safety of her family, Commissioner Broyles updated her home security system, stopped answering her home telephone, and took other safety precautions.

On February 9, 2006, the State charged Montgomery with five counts of Intimidation as a Class D felony,[1] five counts of

---

1. Ind.Code § 35–45–2–1. On July 24, 2006, the State amended the Class D felony intimi-

dation charges to clarify that Montgomery's charges were for violating Indiana Code

Intimidation as a Class A misdemeanor,[2] and eleven counts of Invasion of Privacy as a Class A misdemeanor.[3] On May 15, 2006, the State amended its charging information and alleged that Montgomery was a habitual offender, with the two prior unrelated felony convictions being a 2001 battery conviction and the 2004 conviction for impersonating a public servant.[4] Following a jury trial, Montgomery was convicted of two counts of Intimidation as a Class D felony, three counts of Intimidation as a Class A misdemeanor,[5] all eleven counts of Invasion of Privacy as a Class A misdemeanor, and was deemed a habitual offender.

In sentencing Montgomery, the trial court identified one aggravator—Montgomery's criminal history, namely, the 2001 felony battery conviction and the 2004 felony conviction for impersonating a public servant—and no mitigators. The trial court sentenced Montgomery to consecutive one-and-one-half-year sentences for the two Class D felony convictions, one of which was enhanced by four-and-one-half years for the habitual offender adjudication, and concurrent one-year sentences for his Intimidation and Invasion of Privacy Class A misdemeanor convictions, resulting in an aggregate sentence of seven-and-one-half years. Montgomery now appeals.

§ 35–45–2–1(b)(1)(B)(ii). This subsection specifies that the person to whom the threats were communicated was a judge.

**2.** Ind.Code § 35–45–2–1(a)(2).

**3.** Ind.Code § 35–46–1–15.1(6).

**4.** Indiana Code § 35–50–2–8 provides that the State may generally "seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the per-

## Discussion and Decision

Montgomery raises the following three issues on appeal: (1) whether sufficient evidence exists to support his two Class D felony Intimidation convictions; (2) whether his convictions for Invasion of Privacy violate his constitutional rights under Article I, § 9 of the Indiana Constitution and the First Amendment to the United States Constitution; and (3) whether the trial court erred in imposing a four-and-one-half-year habitual offender enhancement.

### I. Sufficiency of the Evidence

■ Montgomery claims that the evidence presented at trial is insufficient to support his two convictions for Intimidation as a Class D felony. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of the witnesses, and respects the jury's exclusive province to weigh conflicting evidence." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005) (internal quotations omitted). We must consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

■ Indiana Code § 35–45–2–1 provides, in pertinent part:

son has accumulated two (2) prior unrelated felony convictions."

**5.** The trial court merged two of the Class A misdemeanor Intimidation convictions into the two convictions for Intimidation as a Class D felony. The remaining Class A misdemeanor Intimidation conviction is not challenged in this appeal. For the sake of clarity, whenever we refer to the Intimidation convictions throughout this opinion, we are only referring to the Intimidation convictions challenged in this appeal.

(a) A person who communicates a threat to another person, with the intent:

 \* \* \* \* \* \*

(2) that the other person be placed in fear of retaliation for a prior lawful act ...

 \* \* \* \* \* \*

commits intimidation, a Class A misdemeanor.

(b) However, the offense is a:

(1) Class D felony if:

 \* \* \* \* \* \*

(B) the person to whom the threat is communicated:

 \* \* \* \* \* \*

(ii) is a judge or bailiff of any court[.]

Montgomery argues that the State failed to prove Intimidation as a Class D felony because "[t]he State's own evidence conclusively establishes that Nancy Broyles is a Commissioner, and not a judge ... and that her position is different in several respects from being a judge. That is not an evidentiary basis from which a reasonable jury could conclude that Broyles was a judge." Appellant's Br. p. 9. Accordingly, Montgomery requests that his Class D felony Intimidation convictions be reduced to Class A misdemeanor Intimidation convictions.

■ The nature of Montgomery's claim requires this Court to interpret the meaning of the term "judge" as it is written in Indiana Code § 35–45–2–1(b)(1)(B)(ii). Statutory interpretation is a question of law reserved for the court and is reviewed *de novo*. *In re K.J.A.*, 790 N.E.2d 155, 158 (Ind.Ct.App.2003). The rules of statutory interpretation mandate that we assign words their plain and ordinary meaning unless the statute provides definitions otherwise. *Smith v. State*, 867 N.E.2d 1286, 1288 (Ind.2007). The Indiana legislature has not defined the term "judge" within Indiana Code § 35–45–2–1. We recognize that the term "judge" is defined in other sections of the Indiana Code. *See, e.g.,* Ind.Code § 33–23–11–7 ("As used in this chapter, "judge" means a judge of the court of appeals, the tax court, or a circuit, superior, county, small claims, or probate court."); Ind.Code § 33–38–12–3 ("As used in this chapter, "judge" means an individual who holds or formerly held one (1) of the following offices or appointments ... Master commissioner."). However, because Indiana Code § 35–45–2–1 does not define the term "judge," we give the word its common and ordinary meaning. *See Smith*, 867 N.E.2d at 1288.

■ In order to determine the plain and ordinary meaning of words, courts may properly consult English language dictionaries. *Ind. Office of Envtl. Adjudication v. Kunz*, 714 N.E.2d 1190, 1193 (Ind.Ct. App.1999). According to Black's Law Dictionary, a judge is defined as "[a] public official appointed or elected to hear and decide legal matters in court." *Black's Law Dictionary* 857 (8th ed.2004). We find that the term "judge" as used in this section is not ambiguous and therefore refuse to interpret its meaning. Instead, we apply its clear and plain meaning, for purposes of this statute, and determine that under these facts Commissioner Broyles is such a person. Judge Hawkins appointed Commissioner Broyles, in part, "to hear jury trials, court trials, most everything that [was heard] in that court...." Tr. p. 163. This is the equivalent of hearing and deciding legal matters in court. Accordingly, sufficient evidence exists to support Montgomery's two Class D felony Intimidation convictions.

## II. Invasion of Privacy

■ Montgomery next argues that his convictions for Invasion of Privacy violate

his state and federal constitutional rights. Indiana Code § 35–46–1–15.1(6) provides, in pertinent part:

> A person who knowingly or intentionally violates:
>
> \* \* \* \* \* \*
>
> (6) a no contact order issued as a condition of probation;
>
> \* \* \* \* \* \*
>
> commits invasion of privacy, a Class A misdemeanor.

Here, on February 19, 2004, Montgomery was sentenced following a conviction in another case. As a condition of his resulting probation, Montgomery was ordered to have no contact with the Marion County Prosecutor's Office outside of reporting a crime. Montgomery never appealed the no-contact order to challenge the validity of the condition. Rather, in defiance of that condition, Montgomery wrote and sent eleven letters to various individuals within the Marion County Prosecutor's Office for the purpose of "needling" people and "[t]humbing [his] nose at the No Contact Order." Tr. p. 197.

Now, over three years after the issuance of the no-contact order, Montgomery contends that it is an impermissible restraint on his "politically expressive speech[,]" Appellant's Br. p. 11, and therefore violates Article I, § 9 of the Indiana Constitution and the First Amendment to the United States Constitution. However, Montgomery never attempted to appeal the validity of this probation condition at the time it was imposed. Thus, Montgomery's constitutional argument in this regard is an impermissible collateral attack on a final judgment—his 2004 felony conviction and sentence—precluding this Court from addressing it on appeal. *See Walker v. State,*

246 Ind. 386, 397, 204 N.E.2d 850, 856 (Ind.1965) ("A final judgment cannot be reopened, reconsidered and readjudicated in a case collateral thereto."). His claim is therefore precluded.

### III. Sentencing

#### A. Abuse of Discretion

 Montgomery argues that the trial court abused its discretion by imposing a four-and-one-half-year habitual offender enhancement on one of his Class D felony sentences. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007) (quoting *In re L.J.M.,* 473 N.E.2d 637, 640 (Ind.Ct. App.1985)), *reh'g granted on other grounds,* 875 N.E.2d 218 (Ind.2007). Upon a determination that a person is a habitual offender, the length of the sentence enhancement imposed based upon such a finding is left to the trial court's sound discretion. *Johnston v. State,* 578 N.E.2d 656, 659 (Ind.1991). The range of a habitual offender enhancement is established by statute:

> (h) The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

Ind.Code § 35–50–2–8(h) (2004).[6]

 Here, the trial court enhanced one of Montgomery's presumptive one-and-

---

6. We note that because Montgomery committed this offense in 2004, we operate under the former presumptive sentencing scheme rather

than the current advisory sentencing scheme, which did not take effect until April 25, 2005. *See Gutermuth v. State,* 868 N.E.2d 427, 431

one-half-year sentences [7] by four-and-one-half years, based upon his habitual offender status. This is within the statutory range allowable under Indiana Code § 35–50–2–8(h) (2004), and Montgomery concedes that "[t]he Court has the discretion to impose an appropriate sentence anywhere within the range prescribed by statute." Appellant's Br. p. 13. However, Montgomery contends that the trial court abused its discretion by using Montgomery's criminal history—namely, his two unrelated felony convictions—to support a habitual offender finding and a maximum habitual offender enhancement. We disagree.

First, we note that nowhere in the record is there any indication that the trial court relied on Montgomery's criminal history when imposing the maximum habitual offender enhancement. *See* Tr. p. 334, 335. Second, there is no authority for the proposition that a trial court need explain why it implemented a particular habitual offender enhancement. *See Merritt v. State*, 663 N.E.2d 1215, 1217 (Ind.Ct.App. 1996) ("There is no authority for the proposition that a trial court must set forth aggravating and mitigating circumstances explaining the particular habitual offender enhancement chosen by the court."), *trans. denied.* Aside from setting the parameters regarding the length of a habitual offender enhancement, the relevant statutes contain no guidelines or formulas for courts to apply or follow when determining the length of the habitual offender enhancement. *Id.* (citing *Johnston*, 578 N.E.2d at 659). Instead, this decision is left to the trial court's discretion. *Johnston*, 578 N.E.2d at 659.

We therefore reject Montgomery's argument because the determination of the appropriate habitual offender enhancement within the range set forth in Indiana Code § 35–50–2–8 is left to the trial court's discretion and the relevant statutes do not impose a requirement that pronouncement of the habitual offender enhancement must be accompanied by a statement providing explanation for the length of the enhancement. The trial court did not abuse its discretion by imposing a four-and-one-half-year habitual offender enhancement on one of Montgomery's Intimidation convictions.

## B. Inappropriate Sentence

Montgomery also argues that his sentence is inappropriate given the nature of his offenses and his character. We cannot agree. Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant has the burden of persuading us that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

After due consideration of the trial court's decision, we cannot say that Montgomery's sentence is inappropriate. The nature of Montgomery's offenses is serious. Violating a no-contact order by writing threatening letters to a master commissioner, a judge, and numerous indi-

---

n. 4 (Ind.2007) (explaining that "the longstanding rule" is that "the sentencing statute in effect at the time a crime is committed governs the sentence for that crime").

7. Indiana Code § 35–50–2–7 (2004) provides: "A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1½) years, with not more than one and one-half (1½) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000)."

viduals within the Marion County Prosecutor's Office is a significant offense. As to Montgomery's character, he has a criminal history consisting of two prior felony convictions, one of which included violence. We therefore cannot say that the sentence is inappropriate.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.