# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DAVID BECSEY**
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
**ERIC BABBS**
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VIRGIL D. CORNELIOUS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1206-CR-335 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-1201-FB-6708

**April 9, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Virgil Cornelious appeals his conviction of Class B felony aggravated battery[1] and the twenty-year sentencing enhancement based on his adjudication as an habitual offender.[2] He presents two issues for our review:

1.      Whether the State presented sufficient evidence he committed Class B felony aggravated battery; and

2.      Whether the trial court abused its discretion when it enhanced Cornelious' sentence by twenty years based on his adjudication as an habitual offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY[3]

On January 29, 2012, Rico Vaughn and his friend, Tinika Johnson, drove to Monica Finch's house to deliver cigarettes. Vaughn entered Finch's house, and Johnson remained in the car. Vaughn saw Haley Gonzalez sleeping. Gonzalez owed him money, so Vaughn tapped Gonzalez in an attempt to wake her. Cornelious told Vaughn not to touch Gonzalez. Vaughn and Cornelious exchanged words, and Cornelious stood up and pulled out a knife. Vaughn asked Cornelious why he was brandishing a knife, and Cornelious responded that Vaughn now owed Cornelious money because Vaughn had touched Gonzalez.

Vaughn tried to leave, but Cornelious was standing near the door. Vaughn bumped into Cornelious as he left, and then the two fought until Vaughn realized he was bleeding

---

[1] Ind. Code § 35-42-2-1.5.
[2] Ind. Code § 35-50-2-8.
[3] We heard oral argument March 13, 2013, at Vincennes University. We thank the University for inviting us, the University staff for their hospitality, and counsel for their excellent advocacy.

2

because Cornelious had stabbed him. At the hospital, Vaughn was treated for cuts on his hand, nose, face, neck, and arm. His injuries required over 200 stitches and staples.

The State charged Cornelious with Class B felony aggravated battery, and later alleged Cornelious was an habitual offender. A jury found Cornelious guilty of aggravated battery, and Cornelious admitted he was an habitual offender. The trial court imposed a thirty-year sentence: ten years for aggravated battery, enhanced by twenty years for his status as an habitual offender.

## DISCUSSION AND DECISION

### 1. Sufficiency of the Evidence

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the verdict. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

To prove Cornelious committed Class B felony aggravated battery, the State was required to present evidence he "knowingly or intentionally inflict[ed] injury on a person that

3

create[d] a substantial risk of death or cause[d]: (1) serious permanent disfigurement; [or] (2) protracted loss or impairment of the function of a bodily member or organ[.]" Ind. Code § 35-42-2-1.5. The State alleged Cornelious inflicted "multiple severe lacerations to the face and/or neck and/or the severance of part of [Vaughn's] nose," causing "serious, permanent disfigurement." (App. at 23.)

Cornelious argues "his conviction for [sic] aggravated battery rested on insufficient evidence" because while Vaughn's injuries were serious, "the evidence failed to show that he was placed in a condition of a substantial risk of death or that his wounds left him with serious permanent disfigurement or a protracted loss or impairment of the function of a bodily member or organ." (Br. of Appellant at 3.) At trial, Vaughn testified about the impact of his injuries:

> [State]: Have the injuries to your face, neck, and nose cause [sic] you some concern at this point?
> [Vaughn]: Yeah, but I never – never had this kind of damage to my face. I don't even – I cut my – I usually wear a beard now.
> [State]: Why?
> [Vaughn]: Because of [the] scar that's on my face. I kind of like – I'm ashamed of it, or – like I said, I ain't never been through nothing like this, so when I see the scar in the mirror, it kind of mess[es] with me mentally.

(Tr. at 49.)

The element that distinguishes aggravated battery from battery is the nature of the injury caused by the touching. *Salone v. State*, 652 N.E.2d 552, 559 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*. Cornelious concedes Vaughn was seriously injured in the altercation, but he argues "that alone does not prove serious permanent disfigurement . . .

4

necessary to convict for aggravated battery." (Br. of Appellant at 6.)

We have defined "permanent" as "continuing or enduring without fundamental or marked change[,]" and "disfigure" as: "to make less complete, perfect or beautiful in appearance or character: deface, deform, mar." *James v. State*, 755 N.E.2d 226, 230 (Ind. Ct. App. 2001) (citing Webster's International Dictionary), *trans. denied.* In *James*, we held the serious permanent injury required by Ind. Code § 35-42-2-1.5 existed when the injured officer testified he lost teeth during an altercation with James: "[a]lthough he was fitted with fake teeth, he continues to have a large hole in his gum line and has lost several of his original teeth." *James*, 755 N.E.2d at 230. We noted the officer had "suffered disfigurement of his mouth that will last indefinitely" and held that evidence was "sufficient to establish permanent disfigurement." *Id*.

Sufficient evidence demonstrated Vaughn suffered serious permanent disfigurement. The cut to Vaughn's face was approximately twelve inches long and almost one inch deep. Vaughn testified he wore a beard to hide the scar, and it "mess[ed] with him mentally" when he looked in the mirror. (Tr. at 49.) Based on the definition we adopted in *James*, we conclude Vaughn's injuries resulted in serious permanent disfigurement.

2.    Habitual Offender Enhancement

The trial court pronounced a thirty-year sentence[4] – ten years for Class B felony

---

[4] Regarding his sentence, Cornelious argues his sentence does not comport with the Indiana Constitution's proclaimed purpose of the penal code: "The penal code shall be founded on the principle of reformation, and not of vindictive justice." Ind. Const. Art. 1 § 18. However, it is well-settled "Section 18 applies only to the penal code as a whole and not to individual sentences." *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied. Further, we have long held an habitual offender sentencing enhancement is not unconstitutional under Ind. Const. Art. 1 § 18. *Funk v. State*, 427 N.E.2d 1081, 1086 (Ind. 1981).

aggravated battery, enhanced by twenty years because Cornelious' adjudication as an habitual offender. Cornelious challenges only the habitual offender enhancement. The sentence enhancement based on a finding a person is an habitual offender is left to the trial court's sound discretion. *Johnston v. State*, 578 N.E.2d 656, 659 (Ind. 1991). Pursuant to Ind. Code § 35-50-2-8(h):

> The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less that the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

"Aside from setting the parameters regarding the length of a habitual offender enhancement, the relevant statutes contain no guidelines or formulas for courts to apply or follow when determining the length of the habitual offender enhancement." *Montgomery v. State*, 878 N.E.2d 262, 268 (Ind. Ct. App. 2007).

The advisory sentence for a Class B felony is ten years. Ind. Code § 35-50-2-5. The trial court enhanced Cornelious' sentence by twenty years, or two times the advisory sentence for a Class B felony. Additionally, Cornelious' criminal activities began in 1988 when he was a juvenile, and he has five felony convictions of crimes such as rape, child molesting, and criminal recklessness; he has also violated probation. As the trial court acted within the confines of the statute and Cornelious has an extensive criminal record, we conclude it did not abuse its discretion when it enhanced Cornelious' ten year sentence by twenty years based on his adjudication as an habitual offender. *See, e.g., Montgomery*, 878 N.E.2d at 268 (trial court did not abuse its discretion in imposing maximum habitual offender enhancement

6

in light of Montgomery's criminal history).

## CONCLUSION

The State presented sufficient evidence Cornelious committed Class B felony aggravated battery because Vaughn's injuries resulted in serious permanent disfigurement. Additionally, the trial court did not abuse its discretion when it enhanced Cornelious' sentence by twenty years based on his adjudication as an habitual offender. Accordingly, we affirm.

Affirmed.

NAJAM, J., and BARTEAU, Sr. J., concur.