**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 31 2013, 5:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1304-CR-189 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No. 33C03-1205-FD-186

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Steven Wilson appeals the seven-year habitual substance offender enhancement[1] of his two-and-a-half-year sentence for Class D felony operating a vehicle while intoxicated.[2] We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2011, Wilson, who was under the influence of four different prescription medications, caused serious injuries to Samantha VanMatre when he drove head-on into the vehicle in which she was riding. The State charged Wilson with Class D felony operating a vehicle while intoxicated, Class A misdemeanor criminal recklessness,[3] Class C misdemeanor operating a vehicle with a controlled substance,[4] and Class B misdemeanor public intoxication.[5] The State later amended the charging information to allege Wilson was an habitual substance offender.

Wilson agreed to plead guilty to Class D felony operating a vehicle while intoxicated and to admit being an habitual substance offender. In exchange, the State would drop the other charges against him. Sentencing was left to the discretion of the trial court. The trial court accepted Wilson's plea and sentenced him to two-and-one-half years enhanced by seven years based on his adjudication as an habitual substance offender.

---

[1] Ind. Code § 35-50-2-10.
[2] Ind. Code § 9-30-5-2 (operating a vehicle while intoxicated); Ind. Code § 9-30-5-3 (enhancing to Class D felony based on prior conviction of operating a vehicle while intoxicated).
[3] Ind. Code § 35-42-2-2.
[4] Ind. Code § 9-30-5-1(c).
[5] Ind. Code § 7.1-5-1-3.

**DISCUSSION AND DECISION**

Wilson challenges only the seven-year habitual substance offender enhancement to his sentence. Pursuant to Ind. Code § 35-50-2-10(f):

> the court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3. If the court finds that:
> > (1) three (3) years or more have elapsed since the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated substance offense conviction and the date the person committed the substance offense for which the person is being sentenced as a habitual substance offender;
> > * * * * *
> then the court may reduce the additional fixed term. However, the court may not reduce the additional fixed term to less than one (1) year.

The sentence enhancement imposed based on a finding a person is an habitual offender[6] is left to the trial court's sound discretion. *Johnston v. State*, 578 N.E.2d 656, 659 (Ind. 1991). "Aside from setting the parameters regarding the length of a habitual offender enhancement, the relevant statutes contain no guidelines or formulas for courts to apply or follow when determining the length of the habitual offender enhancement." *Montgomery v. State*, 878 N.E.2d 262, 268 (Ind. Ct. App. 2007).

Wilson admitted he was an habitual substance offender and the trial court enhanced his sentence by seven years as permitted by Ind. Code § 35-50-2-10(f). Additionally,

---

[6] *Johnston* and *Montgomery* both involve sentencing enhancements under the general habitual offender statute, Ind. Code § 35-50-2-8. However, "[b]ecause the language of [the habitual substance offender] statute mirrors the language contained in Ind. Code § 35-50-2-8, the general habitual offender statute, decisions interpreting the habitual offender statute are applicable to issues raised under [the habitual substance offender statute]." *Roell v. State*, 655 N.E.2d 599, 601 (Ind. Ct. App. 1995).

3

Wilson's criminal activities began in 1973 as a juvenile and have escalated as he has aged. He has been convicted five times of the operating a vehicle while intoxicated, which is also the crime that is the subject of his current conviction. As the trial court acted within the confines of the statute, it did not abuse its discretion when it enhanced Wilson's two-and-one- half year sentence by seven years. *See Montgomery*, 878 N.E.2d at 268 (trial court did not abuse its discretion in imposing habitual offender enhancement in light of Montgomery's criminal history). Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.