**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 29 2014, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROBERT L. MCFALL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 62A05-1309-CR-446 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
Cause No. 62C01-0801-FA-85

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Robert L. McFall appeals his conviction of dealing in methamphetamine within 1000 feet of a school, a Class A felony. Ind. Code § 35-48-4-1.1 (2006). We affirm and remand.

## ISSUES

McFall raises one issue, which we expand and restate as:

I.     Whether the evidence is sufficient to sustain his conviction for dealing in methamphetamine.

II.    Whether the trial court's sentencing order requires clarification.

## FACTS AND PROCEDURAL HISTORY

In January 2008, McFall lived in Cannelton, Indiana while on parole. His home was located within 1000 feet of the William Bennett Early Learning Center ("the Center").

On January 30, Parole Agent Michelle Asher and several officers went to McFall's home because she received a tip that he was manufacturing methamphetamine and wanted to determine whether he was complying with the terms of his parole. McFall was standing outside when they arrived. He admitted during questioning that drugs and a handgun were in his home. An officer handcuffed McFall while other officers went inside and secured the handgun.

Next, McFall consented to a search of his home and detached garage. Asher and the officers found items used to manufacture methamphetamine as well as items used to

smoke methamphetamine. McFall also had methamphetamine stashed in one of his socks.

The State charged McFall with dealing in methamphetamine within 1000 feet of a school; possession of methamphetamine, a Class C felony; maintaining a nuisance, a Class D felony; and possession of paraphernalia, a Class A misdemeanor. A jury determined he was guilty as charged. The court imposed a sentence, and this appeal followed.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the verdict. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To obtain a conviction for Class A felony dealing in methamphetamine within 1000 feet of a school, the State is required to prove beyond a reasonable doubt that the defendant: (1) knowingly or intentionally (2) manufactured or delivered or possessed with intent to deliver (3) methamphetamine (4) within one thousand feet of school property. Ind. Code § 35-48-4-1.1.

3

McFall argues the State failed to prove that the Center is "school property" for the purposes of Indiana Code section 35-48-4-1.1. Statutory interpretation is a question of law reserved for the court. *Montgomery v. State*, 878 N.E.2d 262, 266 (Ind. Ct. App. 2007). We assign words in statutes their plain and ordinary meaning unless a statute provides a specific definition. *Id.*

The General Assembly has defined "school property" as follows:

(1) A building or other structure owned or rented by:

    (A) a school corporation;

    (B) an entity that is required to be licensed under IC 12-17.2 or IC 31-27;

    (C) a private school that is not supported and maintained by funds realized from the imposition of a tax on property, income, or sales; or

    (D) a federal, state, local, or nonprofit program or service operated to serve, assist, or otherwise benefit children who are at least three (3) years of age and not yet enrolled in kindergarten, including the following:

        (i) A Head Start program under 42 U.S.C. 9831 et seq.

        (ii) A special education preschool program.

        (iii) A developmental child care program for preschool children.

(2) The grounds adjacent to and owned or rented in common with a building or other structure described in subdivision (1).

Ind. Code § 35-31.5-2-285 (2012).

Here, Police Officer Marty Lee Haughee testified that the Center was a "pre-school." Tr. p. 350. He further agreed that it was "a place where four- and five-year-old

4

kids go to school to begin their education." *Id.* at 351. The jury could have reasonably concluded from this evidence that the Center was a "federal, state, local, or nonprofit program or service operated to serve, assist, or otherwise benefit children who are at least three (3) years of age and not yet enrolled in kindergarten," as provided by statute, and that the Center was thus school property. *See Whitt v. State*, 659 N.E.2d 512, 513 (Ind. 1995) (State submitted sufficient proof that an offense was committed near school property because an officer testified that the offense occurred near an "Elementary School."). McFall's challenge to the sufficiency of the evidence must fail.

## II. SENTENCING OMISSION

During sentencing, the court merged McFall's guilty verdicts for possession of methamphetamine and maintaining a nuisance into his conviction for dealing in methamphetamine. The parties agree that the court did not address the jury's guilty verdict for possession of paraphernalia, either by imposing a sentence or by merging it with his conviction for dealing in methamphetamine. It is thus necessary to remand to the trial court to dispose of this count. We express no opinion as to what course of action is appropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court but remand for further sentencing proceedings on the charge of possession of paraphernalia.

Affirmed and remanded.

FRIEDLANDER, J., and BARNES, J., concur.