## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ellen F. Hurley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William McNeal, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 10, 2015 <br><br> Court of Appeals Case No. 49A02-1503-CR-130 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable William J. Nelson, Judge, and the Honorable Shannon L. Logsdon, Commissioner <br><br> Trial Court Cause No. 49F18-1403-FD-12074 |

**Mathias, Judge.**

[1] Following a jury trial in Marion Superior Court, William McNeal ("McNeal") was convicted for Class D felony resisting law enforcement and Class B

misdemeanor unauthorized entry of a motor vehicle. He was ordered to serve 545 days on home detention with 185 days suspended to probation. On appeal, McNeal argues that the State failed to present sufficient evidence to support his conviction for resisting law enforcement.

[2] We affirm.

## Facts and Procedural History

[3] Late in the evening on March 8, 2014, Brandon Jones ("Jones") returned to a friend's house after he purchased some groceries. He left his 2001 blue Chevrolet Monte Carlo running in the alley as he transported the groceries from the car into the house. As he walked into the house, he heard the sound of squealing tires and immediately ran outside only to see his car speeding away. Jones called 911 and reported his car stolen.

[4] Officer Daniel Brezik ("Officer Brezik") of the Indianapolis Metropolitan Police Department ("IMPD") was dispatched to the location where Jones's car was stolen around 8:40 p.m. After taking a statement from Jones and getting a better description of the car, Officer Brezik broadcasted the car's description over his police radio.

[5] Around 9:00 p.m., IMPD Officer Michael Leepper ("Officer Leepper"), was just starting his shift nearby when he heard Officer Brezik's broadcast about the stolen vehicle. About one hour later, while on patrol, Officer Leepper was at the intersection of Michigan Street and Linwood Avenue heading south when he

noticed a blue Monte Carlo stopped at a traffic light. He drove past the car and confirmed that the license plate matched the one from Jones's stolen vehicle. Officer Leepper then turned around to initiate a traffic stop and activated his emergency lights. He also requested back-up assistance.

[6] McNeal, who was driving the car, turned onto Michigan, a one-way street, going the wrong direction but quickly stopped after turning into a parking lot. Officer Leepper pulled up behind him, stepped out of his vehicle, and began to approach the car. As Officer Leepper approached, McNeal drove away and turned back onto Linwood Avenue. Officer Leepper indicated on his radio that McNeal had fled. McNeal stopped the car shortly after several more police cars pulled behind him with their lights and sirens activated.

[7] The State charged McNeal with Class D felony auto theft, Class D felony resisting law enforcement, and Class B misdemeanor unauthorized entry of a motor vehicle. After a jury trial on January 22, 2015, McNeal was convicted on all charges except Class D felony auto theft. At the February 4, 2015 sentencing hearing, the trial court ordered him to serve an aggregate sentence of 545 days executed on home detention and 185 days suspended to probation. McNeal now appeals.

## Discussion and Decision

[8] McNeal argues that his conviction was not supported by sufficient evidence. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of

witnesses, and respects the jury's exclusive province to weigh conflicting evidence. *Montgomery v. State*, 878 N.E.2d 262, 265 (Ind. Ct. App. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[9] The State was required to prove beyond a reasonable doubt that McNeal:

> [k]nowingly or intentionally fle[d] from a law enforcement officer after the officer ha[d], by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered [him] to stop.

Ind. Code § 35-44.1-3-1(1)(a)(3). This is a Class D felony if the person uses a vehicle to commit the offense. Ind. Code § 35-44.1-3-1(1)(a)(3)(b)(1)(A).

[10] McNeal disputes that he fled from law enforcement. He contends that he did not see Officer Leepper's emergency lights, that he did not know he was being ordered to stop, and that he stopped after he saw the other police cars with their lights and sirens activated.

[11] At trial, Officer Leepper testified that he pulled behind McNeal with his emergency lights activated. After driving down the wrong way of a one-way street, McNeal pulled into a parking lot and stopped. As Officer Leepper approached the vehicle on foot, McNeal drove away and was apprehended

shortly thereafter by a couple of back-up officers that Officer Leepper had requested when he identified the vehicle as stolen. Based on this evidence, it was reasonable for a jury to conclude that McNeal knowingly fled from Officer Leepper in a vehicle.

[12] The jury has the discretion to weigh Officer Leepper's credibility against McNeal's' credibility. We must respect this discretion. *See McHenry*, 820 N.E.2d at 126. We therefore conclude that the State presented sufficient evidence to support McNeal's conviction and we affirm his Class D felony resisting law enforcement conviction.

[13] Affirmed.

Baker, J., and Bailey, J., concur.