## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2016, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McClean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Hale,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 26, 2016<br><br>Court of Appeals Case No.<br>49A02-1510-CR-1642<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-1504-F5-14719 |

**Mathias, Judge.**

[1] Joseph Hale ("Hale") was convicted in Marion Superior Court of Level 1 felony attempted murder. Hale was ordered to serve thirty-five years in the Department of Correction. Hale appeals and argues that the State failed to present sufficient evidence to support his Level 1 felony attempted murder conviction.

[2] We affirm.

## Facts and Procedural History

[3] Around 2:30 p.m. on April 24, 2015, Hale entered a Sunoco gas station in Indianapolis, Indiana, to purchase a beverage and some gasoline. As Hale stood in line to pay for these items, Kristopher Haskins ("Haskins") entered the store with his girlfriend. Haskins approached Hale, and the men argued.[1] After paying the attendant, Hale exited the store followed by Haskins. The men began arguing again near the gas pumps. This time, Haskins hit Hale in the head, and Hale responded by throwing a bottle at Haskins' head. Hale then pulled out a handgun, chased Haskins, and fired five shots at him.[2] Haskins ran across the street toward a nearby school uninjured and left the scene.[3] The

---

[1] We are unsure of the nature of the dispute but attribute the hostility between the two men to Haskins' relationship with Hale's ex-girlfriend, Bryann, who was pregnant at the time of the incident.

[2] Hale was only a few feet away from Haskins as he fired.

[3] Detective Kevin Kern ("Detective Kern") later located Haskins and tried to interview him. However, Haskins would not answer questions related to the April 24, 2015 incident.

entire dispute was captured on surveillance cameras, except for about a ten second portion of the fight where both men stepped out of the camera's range.

[4] While this incident occurred, Officer Matthew Thomas ("Officer Thomas") was out on his patrol shift and stopped at an intersection where he could see the Sunoco gas station. He observed two men involved in "some sort of disturbance." Tr. p. 41. As Officer Thomas pulled into the gas station, Hale stopped shooting, but Officer Thomas saw Hale place his hands in a trash can near a gas pump. Officer Thomas then ordered Hale to the ground and arrested him.

[5] After the incident, other officers responded to the scene and investigated the Sunoco parking lot. Officer Thomas looked in the trash can where Hale had placed his hands and found a .380 caliber semiautomatic pistol and a .22 caliber revolver. Additionally, officers found five .380 caliber cases along with one live round of the same caliber on the ground. It was later determined that the revolver contained six unfired .22 caliber rounds. Although no one was injured or killed during the incident, officers discovered that one of Hale's shots hit the back panel of a vehicle parked at a gas pump.

[6] On April 28, 2015, the State charged Hale with Level 5 felony attempted battery by means of a deadly weapon, two counts of Level 5 felony criminal recklessness, and two counts of Level 5 felony carrying a handgun without a license. On May 19, 2015, the State amended the information by adding a Level 1 felony attempted murder charge and a habitual offender allegation. The State

later dismissed the attempted battery by means of a deadly weapon charge along with one count of criminal recklessness and one count of carrying a handgun without a license.

[7] While in jail, Hale made several calls to his "brother" from the jail phone that were recorded. In one of the calls, Hale admitted to "tryna whack[4] yellow boy"[5] and asked his brother to contact a man named Rodney to ensure that Haskins did not appear to testify at a deposition or at the trial. In another call, Hale told his "brother" that on the day of the shooting he "went over there, bought that heater."[6] The transcript of these phone calls was admitted into evidence at trial. Ex. Vol., State's Ex. 33.

[8] A jury trial was held on September 3 and 4, 2015. The jury found Hale guilty of Level 1 felony attempted murder, Level 5 felony criminal recklessness, and Level 5 felony carrying a handgun without a license. However, the jury did not find Hale to be a habitual offender. The trial court then granted the State's motion to dismiss the criminal recklessness and carrying a handgun without a license charges on September 22, 2015. That same day, a sentencing hearing was held, and the trial court ordered Hale to serve thirty-five years in the Department of Correction. Hale now appeals.

---

[4] "Whack" is a street term which means "to hit" or "to assassinate." See http://www.merriam-webster.com/dictionary/whack

[5] Yellow boy is one of Haskins' nicknames.

[6] Heater is a slang term for a gun. See http://www.dictionary.com/browse/heater?s=t

[9]     Hale argues that the Level 1 felony attempted murder conviction was not supported by sufficient evidence. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of witnesses, and respects the jury's exclusive province to weigh conflicting evidence. *Montgomery v. State*, 878 N.E.2d 262, 265 (Ind. Ct. App. 2007) (quoting *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[10]    Hale was charged with: "attempt[ing] to commit the crime of Murder, which is to knowingly kill another human being, namely Kristopher Haskins, by engaging in conduct, that is: shooting a deadly weapon, that is: a handgun, at and against the person of Kristopher Haskins with the intent to kill Kristopher Haskins, which conduct constituted a substantial step toward the commission of said crime of Murder." Appellant's App. p. 33.

[11]    Attempted murder occurs when a person "engages in conduct that constitutes a substantial step toward the commission" of "intentionally kill[ing] another human being." Ind. Code § 35-41-5-1 (attempt); 35-42-1-1(murder). Our supreme court has held that before a person can be convicted of attempted murder that he must act with specific intent to kill. *See Spradlin v. State*, 569

N.E.2d 948, 949 (Ind. 1991). Intent to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011) (citing *Bethel v. State*, 730 N.E.2d 1242, 1245 (Ind. 2000)). Discharging a weapon in the direction of victim is substantial evidence from which a jury may infer intent to kill. *Id.* (citing *Fry v. State*, 885 N.E.2d 742, 750 (Ind. Ct. App. 2008)).

[12] Hale contends that the State failed to prove that Hale had the specific intent to kill Haskins. He specifically argues that he was trying to "scare" Haskins because he only shot in Haskins' direction. However, the State presented testimony from Officer Thomas that he heard gunfire and observed Hale chasing Haskins through the Sunoco parking lot while firing a gun. Tr. p. 43. Further, the State admitted into evidence a surveillance video from the gas station parking lot that shows Hale running closely after Haskins while firing shots at him.

[13] Hale relies on his own testimony that Haskins was threatening him and then "smacked" him in the head. Tr. p. 137. Hale also testified that Haskins had a gun and that he disarmed him when the two men were out of the surveillance camera's range. He further stated that he was scared of Haskins. However, the jury did not find that Hale acted in self-defense, and that issue was not raised on appeal.

[14] Further, Hale admitted at trial to "pointing the gun and shooting at [Haskins]" while Haskins was unarmed and running away from him across the street.

Because Hale discharged the gun in Haskins's direction, the jury could reasonably infer from Hale's conduct alone that Hale had the specific intent to kill Haskins. We respect the jury's discretion on this issue. *See McHenry,* 820 N.E.2d at 126. For all of these reasons, we conclude that the State presented sufficient evidence to support Hale's Level 1 felony attempted murder conviction.

[15] Affirmed.

Vaidik, C.J., and Barnes, J., concur.