## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth A. Johnson
Indianapolis, Indiana

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Grant Elam,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2017

Court of Appeals Case No.
49A02-1706-CR-1373

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge

Trial Court Cause No. 49G17-1704-CM-14727

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Grant Elam (Elam), appeals his conviction for four Counts of invasion of privacy, Class A misdemeanors, Ind. Code § 35-46-1-15.1(11).

We affirm.

# ISSUES

Elam raises two issues on appeal, which we restate as follows:

(1) Whether his conviction for four Counts of invasion of privacy runs afoul of Article 1, Section 3 of the Indiana Constitution; and

(2) Whether his conviction for four Counts of invasion of privacy is in violation of Indiana's Religious Freedom Restoration Act (RFRA).

# FACTS AND PROCEDURAL HISTORY

Elam is a veteran of the United States Army and served our country in Afghanistan prior to being honorably discharged. According to Elam's mother, Dorian Elam (Dorian), Elam experienced "horrific things" during his military service, which impacted Elam's mental health. (Tr. p. 26). Dorian indicated that Elam suffers from schizophrenia and paranoid delusions and, as a result, has repeatedly threatened her life based on his belief that sending her to Heaven would protect her from "demons." (Tr. p. 26).

On February 16, 2017, the State filed an Information under Case Number 49G17-1702-CM-006298 (Case 6298), charging Elam with two Counts of

invasion of privacy for acts committed against Dorian. On February 24, 2017, the trial court issued a No Contact Order as a condition of Elam's pre-trial release. The No Contact Order specifically directed Elam to have no contact with Dorian "in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record, while released from custody pending trial. This includes, but is not limited to, acts of harassment, stalking, intimidation, threats, and physical force of any kind." (State's Exh. 8). The No Contact Order also prohibited Elam from visiting any location where he would know Dorian "to be located." (State's Exh. 8).[1]

[6] On April 12, 2017, Dorian called the Indianapolis Metropolitan Police Department to report that Elam had shown up at her house, knocked on the doors and windows, and asked her to open the door. Despite Dorian's requests for Elam to leave, Elam repeatedly told her that he loved her and wanted to protect her because "[t]hey're all around you and they're all around me." (Tr. p. 9). Elam indicated that "he wanted to take [Dorian] and him to the [Israelites] to be with papa [(*i.e.*, Elam's maternal grandfather)] in Heaven." (Tr. p. 9). Elam left before the police arrived. However, on April 14, 16, and 17, 2017, Elam called Dorian, leaving voicemails, and sent numerous text messages. The string of text messages read as follows:

---

[1] Elam was subsequently convicted of the charges under Case 6298 and sentenced to concurrent one-year sentences on each charge, entirely suspended to probation with GPS monitoring.

I believe I am following after grandpa by being strong. Do you trust the conspirators? After all they shave [sic] put on you? I would like to be able to talk to you. I am confident nothing would happen.

Have*

Look at our family. Only the Holy Trinity can protect us. – that's [sic] no fallen angel of white power.

Fallen angels come to destroy us because of our opportunity. There is no such thing as white power, but believe what you want.

It's fucked up. I would like to talk to you before I leave [I]ndianapolis.

Do you still not know who protects?

I need your help.

Come on, my prayer dpswnr [sic] count.

Fight the thing with [B]rett.

He got a Bonner [sic] from his own baby.

You still believe in ancestors [sic] spirit?

Holy Trinity.

I'll be here if the Holy Spirit gives you the power to resist the illuminati[.]

Let's go against dad and Brett. I pray for you. You know who I pray to.

They wanna set something up….fuck um..

When you gonna resist?

(State's Exhs. 4-7).

[7] On April 21, 2017, the State filed an Information under Case Number 49G17-1704-CM-014727 (Case 14727), charging Elam with four Counts of invasion of privacy, Class A misdemeanors, I.C. § 35-46-1-15.1(11), for violating the No Contact Order issued under Case 6298. On April 23, 2017, the trial court issued another no contact order under Case 14727 as a condition of Elam's pre-trial release. On May 16, 2017, the trial court conducted a bench trial and, at the close of the evidence, found Elam guilty as charged. On May 30, 2017, the trial court held a sentencing hearing. The trial court sentenced Elam to concurrent one-year sentences for each Count, entirely suspended to probation. However, the sentence was ordered to be served consecutive to Elam's sentence under Case 6298. The trial court further ordered Elam to engage in a mental health evaluation and treatment through the Department of Veterans Affairs.

[8] Elam now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Elam does not specifically challenge his conviction for four Counts of invasion of privacy under Case 14727. Rather, the sole purpose of this appeal is to argue the propriety of the No Contact Order issued in Case 6298, the violations of

which ultimately resulted in the current convictions. Specifically, he claims that the No Contact Order violated his rights to freely exercise his religion under both Article 1, Section 3 of the Indiana Constitution and RFRA.

[10] Article 1, Section 3 of the Indiana Constitution stipulates that "[n]o law shall, in any case whatever, control the free exercise and enjoyment of religious opinions, or interfere with the rights of conscience." Thus, according to Elam, Indiana Code section 35-33-8-3.2[2] is unconstitutional as applied to the facts of his case because the No Contact Order "*completely eliminated*" his "ability to act in accord with his personal conscience" as his "religious communications were an attempt to evangelize to [Dorian]." (Appellant's Br. p. 13). Similarly, the recently enacted RFRA provides that "a governmental entity may not substantially burden a person's exercise of religion" unless the governmental entity demonstrates that the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." I.C. § 34-13-9-8. On this basis, Elam asserts that the No Contact Order burdened his "religious communications with [Dorian]," which could have been accomplished through less restrictive

---

[2] The No Contact Order was implemented pursuant to this statute, which provides, in pertinent part, that a trial court "may admit a defendant to bail and impose" certain conditions "to assure the defendant's appearance at any stage of the legal proceedings, or[] upon a showing of clear and convincing evidence that the defendant poses a risk of physical danger to another person or the community to assure the public's physical safety." I.C. § 35-33-8-3.2(a). Among the listed conditions, the trial court may require a defendant "to refrain from any direct or indirect contact with an individual." I.C. § 35-33-8-3.2(a)(4).

means—such as by implementing "a time, place, or manner restriction." (Appellant's Br. p. 16).

[11] Notwithstanding the questionable merit of Elam's claims—which essentially amount to a request that we require Dorian to serve as his unwilling audience despite her genuine fear that he is going to kill her—we find that Elam has waived both arguments for appeal. At no point in the proceedings before the trial court did Elam *ever* suggest that the No Contact Order acted as a burden upon the exercise of his religion—under either the Indiana Constitution or RFRA. It is well established that arguments not raised before the trial court are waived on appeal. *Whitfield v. State*, 699 N.E.2d 666, 669 (Ind. Ct. App. 1998), *trans. denied*. Moreover, we are unpersuaded by Elam's insistence that his constitutional claim may be raised for the first time on appeal or that the trial court somehow committed fundamental error by failing to raise a RFRA defense on Elam's behalf. In this case, Elam did not even attempt to develop a record to support a constitutional claim or raise a RFRA defense. "[A] trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider," and our court has no obligation to address constitutional arguments that are raised for the first time on appeal. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004); *B.Z. v. State*, 943 N.E.2d 384, 394 (Ind. Ct. App. 2011).

[12] Furthermore, we find that Elam's request is nothing more than an attempt to collaterally attack the validity of the No Contact Order, which was issued in Case 6298 as a condition of his pre-trial release. In that proceeding, Elam never

objected to the terms of the No Contact Order for religious or any other grounds, and he did not appeal to challenge the validity of the conditions at the time the No Contact Order was imposed. *See Montgomery v. State*, 878 N.E.2d 262, 267 (Ind. Ct. App. 2007). Instead, he repeatedly and willfully disregarded the terms of the No Contact Order and waited until charges were brought in a separate case to first assert that his religious rights had been violated. He is now precluded from challenging the validity of the No Contact Order.

# CONCLUSION

[13] Based on the foregoing, we conclude that Elam has waived any claims regarding the propriety of the No Contact Order issued in Case 6298; therefore, we find no basis for reversing his convictions in Case 14727.

[14] Affirmed.

[15] Baker, J. and Brown, J. concur