**Shawn P. GREEN, Appellant–Plaintiff,**

v.

**STATE of Indiana, Appellee–Defendant.**

No. 49A05–1006–CR–382.

Court of Appeals of Indiana.

March 23, 2011.

---

5. Sasser's cell phone records establish that he did, in fact, make repeated telephone calls to Detective Haltom.

Elizabeth A. Gabig, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Shawn Green ("Green") was convicted of two counts of Class C felony forgery in Marion Superior Court. Green appeals his convictions and argues that the evidence is insufficient to support his convictions. Specifically, he argues that his act of electronically signing a credit card receipt cannot constitute forgery as a matter of law. Concluding that the State proved the elements of forgery beyond a reasonable doubt, we affirm.

### Facts and Procedural History

On February 14, 2009, at 7:39 p.m. and 7:43 p.m., Green used a Visa credit card belonging to Dawn O'Conner and Kellie

Dayoff to purchase cigarette packs and cartons at a Speedway gas station in Indianapolis. Green swiped the credit card through the electronic point of sale terminal. After the credit card was approved, Green signed the name Kellie Dayoff inside the electronic box located on the terminal. Thereafter, Green received a credit card receipt with Dayoff's purported signature. Neither O'Conner nor Dayoff gave Green permission to use the credit card to make these purchases. *See* Ex. Vol., State's Ex. 1.

On August 12, 2009, Green was charged with three counts of Class C felony forgery and one count of Class D felony theft. Green filed a motion to dismiss the forgery charges arguing that "swiping a card and signing an electronic point-of-sales terminal do not constitute a 'making' of the sales receipt under the statutory definition of 'make.'" Appellant's App. p. 27. The trial court denied his motion to dismiss, and Green unsuccessfully sought to file an interlocutory appeal.

Thereafter, a bench trial commenced on March 12, 2010. The State dismissed the third forgery count prior to trial. The parties stipulated to the facts as they are set forth above. Green argued that the evidence was not sufficient to sustain a forgery conviction and moved for a directed verdict. The trial court denied the motion, and found Green guilty of the two remaining forgery charges, but acquitted Green of the theft charge. At the May 28, 2010 sentencing hearing, Green was ordered to serve concurrent terms of two years in Community Corrections. Green now appeals.

### Discussion and Decision

Green argues that the evidence is insufficient to sustain his convictions for Class C felony forgery. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct.App.2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind.Ct.App.2008).

To establish that Green committed Class C felony forgery, the State was required to prove that Green, with intent to defraud, made, uttered, or possessed "a written instrument in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority[.]" Ind.Code § 35–43–5–2(b) (Supp.2006). In the charging information, the State alleged that Green committed forgery when, with the intent to defraud, he made a written instrument, i.e. a credit card receipt, "in such a manner that said instrument purported to have been made by another person, namely: Kellie Dayoff." Appellant's App. pp. 18–19.

Green argues that the State failed to prove that he "made" the credit card receipts at issue. He contends that "[s]igning another person's name in an electronic box on a credit card terminal does not meet the statutory definition of 'making' a written instrument." Appellant's Br. at 5. Further, he claims that

Mr. Green did not "draw, prepare, complete, counterfeit, copy, or otherwise reproduce, or alter" the credit card receipt that was created after he signed the electronic box on the terminal. The transaction was completed when he swiped the credit card and the electronic

point of sale system accepted it. He then signed Kellie Dayoff's name and the terminal produced the receipt to memorialize the transaction.

*Id.* at 6. In response, the State argues that Green "urges an exceedingly narrow and technical reading of the applicable statutes that is not necessitated by the statute's plain language, is inconsistent with its purpose, and is contrary to public policy." Appellee's Br. at. 5.

 The interpretation of a statute is a question of law that we review de novo. *Montgomery v. State,* 878 N.E.2d 262, 266 (Ind.Ct.App.2007). We presume that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. *Gauvin v. State,* 883 N.E.2d 99, 103 (Ind.2008). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* When a statute is susceptible to more than one reasonable interpretation, it is ambiguous and must be construed to determine legislative intent. *Cochran v. State,* 859 N.E.2d 727, 729 (Ind.Ct.App. 2007). Finally, penal statutes must be strictly construed against the State, but "a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature." *Jacobs v. State,* 640 N.E.2d 61, 64 (Ind.Ct.App.1994).

As used in the forgery statute, the term "make" means "to draw, prepare, complete, counterfeit, copy or otherwise reproduce, or alter any written instrument in whole or in part." Ind.Code § 35–43–5–1(m) (Supp.2009). A written instrument is defined as "a paper, a document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, retail sales receipts, labels or markings (including a universal product code (UPC) or another product identification code), or other objects or symbols of value, right, privilege, or identification." Ind.Code § 35–43–5–1(t).

Without question, an individual who, with intent to defraud, signs a credit card sales receipt "in such a manner that it purports to have been made ... by another person" commits forgery. *See* I.C. § 35–43–5–2. But Green urges us to conclude he is not guilty of forgery because he *electronically* signed a credit card sales receipt.

Unfortunately for Green, under Indiana law, electronic signatures have the same force and effect as written signatures. Indiana Code section 26–2–8–106 (Supp. 2008) provides:

(a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.

(b) A contract may not be denied legal effect or enforceability solely because an electronic record or electronic signature was used in its formation.

(c) If a law requires a record to be in writing, or provides consequences if it is not, an electronic record satisfies the law.

(d) If a law requires a signature, or provides consequences in the absence of a signature, the law is satisfied with respect to an electronic record if the electronic record includes an electronic signature.

To permit Green to avoid a forgery conviction simply because technological advances have allowed for electronic signatures on retail credit card transactions would run contrary to the expressed intent of our General Assembly.

We also reject Green's claim that evidence is insufficient to sustain a forgery conviction because "the transaction was completed when he swiped the credit card and the electronic point of sale system accepted it." Appellant's Br. at 6. Green does not argue, nor does the evidence suggest, that he would have been permitted to leave the Speedway gas station with his purchases without signing the credit card sales receipt. *See Jordan v. State,* 502 N.E.2d 910, 913 (Ind.1987) (stating "[i]n light of usual business practice and the facts presented here, it seems clear that [the defendant's] 'completion' of the instrument by acknowledging receipt and his 'presentment' of the completed instrument were preconditions for actually leaving the premises with the goods").

For all of these reasons, we conclude that Green "made" a "written instrument" when he signed Kellie Dayoff's name in the electronic box on the electronic point of sale terminal. The sales transaction was not complete until Green electronically signed the credit card receipt. Furthermore, upon completion of the sales transaction, Speedway gave Green a paper copy of the receipt that included his forged signature. Appellant's App. p. 18; Ex. Vol., State's Exs. 2 & 3. This evidence was sufficient to sustain Green's Class C felony forgery convictions.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.