946 N.E.2d 1230 (2011)
Jessica BORJAS, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-1009-CR-1048.
Court of Appeals of Indiana.
April 12, 2011.
Deborah Markisohn, Indianapolis, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
NAJAM, Judge.

STATEMENT OF THE CASE
Jessica Borjas appeals her two convictions for forgery, each as a Class C felony. Borjas raises a single issue for our review, which we restate as whether the State presented sufficient evidence to support her convictions. We affirm.

FACTS AND PROCEDURAL HISTORY
On September 4, 2009, Borjas went to a Family Dollar store in Indianapolis. She brought $144.66 worth of items to the counter and, when she was given the total, Borjas swiped Arie Hornbeak's Visa credit card at the electronic point of sale terminal. The terminal read the card, processed the transaction, and approved the sale. Borjas then signed Hornbeak's signature inside the electronic signature box located at the point of sale, she received a receipt, and she left the store. The receipt did not reproduce the signature.
A few minutes later, Borjas returned to the Family Dollar store and purchased an additional $10.49 of items. She again used Hornbeak's Visa and signed Hornbeak's name in the same manner as in the first purchase. Borjas did not have Hornbeak's permission to use the Visa or sign Hornbeak's name for either of the two transactions. And neither receipt reproduced the false signature.
On September 15, 2009, the State charged Borjas with two counts of forgery, each as a Class C felony. Borjas waived her right to a jury trial and proceeded to a bench trial on August 20, 2010. The parties stipulated to the facts, and Borjas' only argument was that an electronic signature after the sale had been electronically approved did not fall within the ambit of *1231 Indiana's forgery statute. The trial court disagreed, found her guilty, and entered a judgment of conviction on both counts and sentences accordingly. This appeal ensued.

DISCUSSION AND DECISION
The essence of Borjas' appeal is that the State failed to present sufficient evidence to convict her of forgery, as a Class C felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside.
To convict Borjas of forgery, as alleged, the State needed to prove beyond a reasonable doubt that she, with the intent to defraud, uttered a written instrument, here, a credit card receipt, in such a manner that it purported to have been made by authority of one who did not give that authority. See Ind.Code § 35-43-5-2(b). To "utter" under Indiana law "means to issue, authenticate, transfer, publish, deliver, sell, transmit, present, or use." I.C. § 35-41-1-27. Borjas' sole argument on appeal is that "sign[ing] an electronic signature box at a point of sale terminal ... does not constitute `uttering' a `written instrument' under the statute." Appellant's Br. at 6. The State responds that her false signature authenticated the receipt. We agree with the State.
This court recently addressed whether the act of electronically signing a false name during a credit card transaction constitutes forgery. Specifically, we considered whether a credit card receipt bearing the false signature on its face was falsely "made" by another person. We held that it was, reasoning as follows:
The interpretation of a statute is a question of law that we review de novo. Montgomery v. State, 878 N.E.2d 262, 266 (Ind.Ct.App.2007). We presume that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. Gauvin v. State, 883 N.E.2d 99, 103 (Ind.2008). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Id. When a statute is susceptible to more than one reasonable interpretation, it is ambiguous and must be construed to determine legislative intent. Cochran v. State, 859 N.E.2d 727, 729 (Ind.Ct. App.2007). Finally, penal statutes must be strictly construed against the State, but "a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature." Jacobs v. State, 640 N.E.2d 61, 64 (Ind.Ct. App.1994).
As used in the forgery statute, the term "make" means "to draw, prepare, complete, counterfeit, copy or otherwise reproduce, or alter any written instrument in whole or in part." Ind.Code § 35-43-5-1(m) (Supp.2009). A written instrument is defined as "a paper, a document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, retail sales receipts, labels or markings (including a universal product code (UPC) or another *1232 product identification code), or other objects or symbols of value, right, privilege, or identification." Ind.Code § 35-43-5-1(t).
Without question, an individual who, with intent to defraud, signs a credit card sales receipt "in such a manner that it purports to have been made ... by another person" commits forgery. See I.C. § 35-43-5-2. But Green urges us to conclude he is not guilty of forgery because he electronically signed a credit card sales receipt.
Unfortunately for Green, under Indiana law, electronic signatures have the same force and effect as written signatures. Indiana Code section 26-2-8-106 (Supp.2008) provides:
(a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.
(b) A contract may not be denied legal effect or enforceability solely because an electronic record or electronic signature was used in its formation.
(c) If a law requires a record to be in writing, or provides consequences if it is not, an electronic record satisfies the law.
(d) If a law requires a signature, or provides consequences in the absence of a signature, the law is satisfied with respect to an electronic record if the electronic record includes an electronic signature.
To permit Green to avoid a forgery conviction simply because technological advances have allowed for electronic signatures on retail credit card transactions would run contrary to the expressed intent of our General Assembly.
We also reject Green's claim that evidence is insufficient to sustain a forgery conviction because "the transaction was completed when he swiped the credit card and the electronic point of sale system accepted it." Green does not argue, nor does the evidence suggest, that he would have been permitted to leave the Speedway gas station with his purchases without signing the credit card sales receipt. See Jordan v. State, 502 N.E.2d 910, 913 (Ind.1987) (stating "[i]n light of usual business practice and the facts presented here, it seems clear that [the defendant's] `completion' of the instrument by acknowledging receipt and his `presentment' of the completed instrument were preconditions for actually leaving the premises with the goods").
For all of these reasons, we conclude that Green "made" a "written instrument" when he signed Kellie Dayoff's name in the electronic box on the electronic point of sale terminal. The sales transaction was not complete until Green electronically signed the credit card receipt. Furthermore, upon completion of the sales transaction, Speedway gave Green a paper copy of the receipt that included his forged signature....
Green v. State, 945 N.E.2d 205, 208-09 (Ind.Ct.App.2011), not yet certified.
We note that the facts in Green differ from the facts in this appeal in the manner in which the State charged the two defendants. In Green, the State charged the defendant with falsely making a receipt. Here, the State charged Borjas with falsely uttering a receipt. On these facts, that difference is immaterial. In order to complete the sale, Borjas was required to provide a signature to authenticate the transaction. She did so, falsely signing Hornbeak's name. Although the signature did not appear on the receipt itself, the signature was a condition precedent to the sale and issuance of the receipt, and, as such, Borjas uttered a *1233 forged instrument under the statute. See I.C. § 35-41-1-27.
Nonetheless, Borjas contends that the sale was completed when she received electronic approval that the funds to complete the sale were available. That contention is not supported by citation to authority and is not otherwise persuasive. It is common knowledge that a signature may be required for a credit card transaction. When it is, the signature is not superfluous but serves to authenticate the sale. It is also immaterial, despite Borjas' insistence to the contrary, that her copy of the printed receipt did not include the forged signature. The forged signature existed on the computerized receipt, and a "signature may not be denied legal effect or enforceability solely because it is in electronic form." I.C. § 26-2-8-106. Accordingly, Borjas' arguments on appeal are without merit.
In sum, we hold that the State presented sufficient evidence that Borjas uttered a written instrument when she signed Hornbeak's name to authenticate the purchases she made using Hornbeak's credit card. Thus, we affirm her convictions for forgery.
Affirmed.
ROBB, C.J., and CRONE, J., concur.