**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 17 2014, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEBORAH BIRGE, )<br><br>    Appellant-Defendant, )<br><br>        vs. )<br><br>STATE OF INDIANA, )<br><br>    Appellee-Plaintiff. ) | No. 48A05-1405-CR-230 |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1203-FB-590

**December 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

In January of 2013, Appellant-Defendant Deborah Birge pled guilty to Class C felony attempted trafficking with an inmate. On February 4, 2013, the trial court accepted Birge's guilty plea and sentenced her to a term of four years, with two years to be served on home detention and two years suspended to probation. On February 3, 2014, Appellee-Plaintiff the State of Indiana (the "State") filed an allegation that Birge had violated the terms of her probation by committing new criminal offenses and by being in arrears of her home detention fees.

Following an evidentiary hearing, the trial court determined that Birge had violated the terms of her probation. In light of Birge's probation violation, the trial court ordered that Birge serve one year of her previously-suspended sentence in the Department of Correction ("DOC"). On appeal, Birge challenges the trial court's determination that she had violated the terms of her probation. Concluding that the trial court did not err in determining that Birge had violated the terms of her probation, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment of the trial court are as follows: On January 9, 2013, Birge pled guilty to Class C felony attempted trafficking with an inmate. On February 4, 2013, the trial court accepted Birge's guilty plea and sentenced Birge to four years, with two years executed on home detention and two years suspended to probation. On February 3, 2014, the State filed an allegation that Birge had violated the terms of her probation. Specifically, the State alleged that Birge had violated the terms of her probation in

2

the following ways:

> a.     Failure to obey all Municipal, State, and Federal Laws and Failure to behave well in society to wit: On or about 1/28/14 charges were filed and [Birge] is alleged to have committed the following new criminal offenses: Count I-III: Forgery, Class C Felonies, and Counts IV-VI: Obtaining a Controlled Substances by Fraud or Deceit, Class D Felonies.…
> b.     As of 2/3/14 [Birge] is in arrears to the Office of Home Detention in the amount of $75.00.…

Appellant's App. p. 1.

The trial court conducted an evidentiary hearing on the matter on April 21, 2014. Birge stipulated to the factual accuracy of the allegation that she was in arrears of her home detention fees but denied the allegation "for the purposes of appeal." Tr. p. 42. Birge also denied that she had violated the terms of her probation by committing new criminal offenses.

With respect to the alleged new criminal offenses, Detective Bret Busby of the Madison County Drug Task Force testified that "shortly before Thanksgiving of 2013," he received notification from a CVS Pharmacy in Lapel that Doctor Neva Lynch-Jackson ("Dr. Lynch-Jackson") had alerted the pharmacy that one of her former patients, Charles Tippet, had been receiving duplicate medications prescribed by another physician in northern Indiana, where Tippet resided in an assisted-living facility. Tr. p. 43. After speaking to both Dr. Lynch-Jackson and the doctor treating Tippet at the assisted-living facility, Detective Busby went to the CVS "to find out who was picking up the medications that had been prescribed by [Dr. Lynch-Jackson.]" Tr. p. 44. Detective Busby identified the individual as Birge after the pharmacists described her appearance and allowed Detective Busby to review the pharmacy's surveillance video. Detective Busby also reviewed the records relating to the

3

pharmacy's policy for dispensing a controlled substance, including Birge's driver's license information and an electronic capture of the signature of the person picking up the prescription. The records indicated that while Birge provided her driver's license information, she signed the name "Charles Tippet" in the signature box for the medications in question. Tr. p. 52. Detective Busby indicated that based on his training and experience, it was his "understanding that [it] is the general practice that when a customer comes in and signs for a prescription that they are to sign their name and not someone else's [name]." Tr. p. 57.

Detective Busby further testified that during the course of his investigation, he discovered that Tippet did not currently reside in Madison County at the time the signatures were provided. Detective Busby further discovered that Birge was Tippet's niece. Detective Busby also testified that he discovered that the attending physician at the assisted-living facility where Tippet resided had "limited the medications [Tippet] was to be receiving to the medications that [the] attending physician was prescribing." Tr. p. 62.

At the conclusion of the evidentiary hearing, the trial court found that Birge had violated the terms of her probation "as alleged." Appellant's App. p. 2. Specifically, the trial court found that the State had proved the allegations by a preponderance of the evidence, stating as follows:

> Well we have a situation here, um, aggravated by both the physician's office and the pharmacy's procedures. But at the end I do find that Ms. Birge did violate as alleged in 3A and 3B. Had Ms. Birge showed up and signed her own name here we might have a different case, but she didn't, she signed someone else's name and this signature has legal consequences. This is a signature that authorizes you to get the drugs from the pharmacy, and Ms.

4

Birge didn't go in and say, I'm Ms. Birge and I'm here signing as Ms. Birge for someone else's prescription, she signed the patient's name representing that she was someone else, and you can't do that. Apparently it worked for a period of time and maybe she thought that by providing this, if it was ever reviewed, they'd see the patient's name and not look farther. But that didn't happen. And it's particularly aggravated here because what Ms. Birge is here for in the first place was a conspiracy to smuggle drugs into a [DOC] facility. So, um, it's a little bit mind boggling to me that Ms. Birge, having gotten in trouble for that already, would somehow think it was okay to do what she was doing with Mr. Trippet. (sic) So she's found in violation.

Tr. pp. 73-74 (brackets added, parentheses in original). As a result of the violation, the trial court revoked Birge's probation and order that she serve one year of her previously-suspended sentence in the DOC. The trial court further ordered that "[u]pon completion of the executed sentence [Birge] shall run to probation for the balance of the suspended sentence under all original terms and conditions." Appellant's App. p. 2. This appeal follows.

## DISCUSSION AND DECISION

Birge appeals the trial court's determination that she violated the terms of her probation.

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

5

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

> A probation revocation hearing is in the nature of a civil proceeding. Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. Instead, we look at the evidence most favorable to the [trial] court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so we will affirm.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citations and quotations omitted).

> Indiana Code section 35-38-2-3 provides, in relevant part, as follows:
>
> (a) The court may revoke a person's probation if:
> > (1) the person has violated a condition of probation during the probationary period;
> > ****
> (h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Again, the trial court found that Birge violated the terms of her probation by committing new criminal offenses and in being in arrears of her home detention fees. With respect to the new criminal offenses, the trial court found that the State proved by a

6

preponderance of the evidence that Birge had committed at least one new criminal offense by forging Tippet's name in order to receive a controlled substance that was prescribed to Tippet. The version of Indiana Code section 35-43-5-2(b) that was in effect at the time Birge is alleged to have committed the new criminal offenses[1] reads as follows:

> A person who, with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made:
> (1) by another person;
> (2) at another time;
> (3) with different provisions; or
> (4) by authority of one who did not give authority;
> commits forgery, a Class C felony.

As used in Indiana Code section 35-43-2-5(b), the term "make" is defined as "to draw, prepare, complete, counterfeit, copy or otherwise reproduce, or alter any written instrument in whole or in part." Ind. Code § 35-43-5-1(m). Indiana Code section 35-43-5-1(t) defines a "written instrument" as

> a paper, a document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, retail sales receipts, labels or markings (including a universal product code (UPC) or another product identification code), or other objects or symbols of value, right, privilege, or identification.

Further, in Indiana, electronic signatures have the same legal effect as written signatures. *Green v. State*, 945 N.E.2d 205, 208 (Ind. Ct. App. 2011) (citing Ind. Code § 26-2-8-106).

In revoking Birge's probation, the trial court noted that "[t]o forge someone else's name to get drugs after you were on felony probation for trying to get drugs to other people. That's really shocking." Tr. p. 80. The State's evidence demonstrates that Birge forged

---

[1] This statute has since been amended to reflect the changes to Indiana's criminal code that went into

7

Tippet's signature when picking up the prescriptions at issue. This evidence was sufficient to prove, again by a preponderance of the evidence, that Birge committed a new criminal offense. Birge's challenge to the trial court's determination that she violated the terms of her probation effectively amounts to a request for this court to reweigh the evidence, which we will not do. *See Whatley*, 847 N.E.2d at 1010.

In addition, Birge does not challenge the trial court's determination that she was $75.00 in arrears of her home detention fees on appeal. Again, the violation of a single condition of probation is sufficient to revoke probation. *Wilson*, 708 N.E.2d at 34. As such, even if the trial court had erroneously determined that Birge violated the terms of her probation by committing new criminal offenses, the trial court could properly determine that Birge had violated the terms of her probation by being in arrears of her home detention fees.

Furthermore, to the extent that Birge argues that the trial court abused its discretion in ordering her to serve one year of her previously-suspended sentence, we conclude otherwise. Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder execution of *all* or part of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of one year of Birge's two-year suspended sentence. Concluding that the trial court did not err in finding that Birge violated the terms of her probation or abuse its discretion in ordering Birge to serve one year of her two-year

---

effect July 1, 2014.

8

suspended sentence following her violation of the terms of her probation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

NAJAM, J., and MATHIAS, J., concur.