## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 7:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel L. Preston, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 25, 2015 <br><br> Court of Appeals Case No. <br> 02A03-1505-CR-400 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1309-FB-154 |

**May, Judge.**

[1] Daniel L. Preston challenges the sufficiency of evidence supporting his convictions of Class B felony robbery[1] and Class C felony forgery.[2] We affirm.

## Facts and Procedural History

[2] Katherine Larrabee was the opening manager of an Express store. On July 3, 2013, Larrabee and Nicole Wagner, an associate, left the store to take the store's deposit to the bank. Preston approached Larrabee's car, held a gun to her neck, and took the deposit money and Larrabee's purse containing her personal credit cards. Juan Nieves witnessed two men in a Mercury Marquis in the area prior to the robbery and saw the vehicle speed away afterward. Wagner and Nieves described the men to the police and each picked Preston out of separate photo arrays.

[3] Later that day, Larrabee's credit card was used at King City Fashion. Youssouf Dogro, an employee, knew Preston as a regular customer and questioned his use of a credit card not in his name. Preston claimed the card belonged to his girlfriend. Dogro requested Preston's identification and recorded Preston's date of birth and driver's license number on the receipt. A surveillance camera captured Preston using the credit card.

[4] The State charged Preston with Class B felony robbery, Class C felony forgery, and Class D felony receiving stolen property. The jury found him guilty on all

---

[1] Ind. Code § 35-42-5-1 (1984).

[2] Ind. Code § 35-42-5-2 (2006).

three counts, but the court vacated the receiving stolen property count. Preston was sentenced to twelve years for robbery and four years for forgery, to run consecutively.

## Discussion and Decision

[5] There was sufficient evidence to sustain Preston's convictions. When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the decision. *Id.* at 147.

### *Robbery*

[6] Class B felony robbery is committed when a person "knowingly or intentionally takes property from another person . . . by using or threatening the use of force on any person . . . while armed with a deadly weapon . . . ." Ind. Code § 35-42-5-1.

Larrabee identified Preston, in a photo array, as the person who robbed her. Nieves identified Preston in a photo array as one of the men involved in the robbery. *See, e.g., Bryant v. State*, 278 N.E.2d 576, 576 (Ind. 1972) (eye witness identification is sufficient to support conviction). There was evidence Preston used Larrabee's credit card, which he could not have had if it had not been stolen. *See, e.g., Gibson v. State*, 533 N.E.2d 187, 188 (Ind. Ct. App. 1989) ("mere unexplained, exclusive possession of recently stolen property will sustain a conviction" and "possession remains unexplained when the trier of facts rejects the explanation [given]"). Preston's arguments to the contrary[3] are invitations for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence on appeal).

### *Forgery*

To prove Preston committed Class C felony forgery, the State was required to prove that he, "with intent to defraud, ma[de], utter[ed], or possesse[d] a written instrument in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority." Ind. Code § 35-42-5-2. A credit card is a written instrument. Ind. Code § 35-43-5-1(d). "Without question, an individual who, with intent to defraud, signs a credit card sales receipt 'in such a manner that it purports to have been made . . . by another person' commits

---

[3] Preston testified he was home with his mother at the time of the robbery and a friend of his brother gave him the credit card to use.

forgery." *Borjas v. State*, 946 N.E.2d 1230, 1232 (Ind. Ct. App. 2011) (quoting Ind. Code § 35-42-5-2), *trans. denied*.

[9] Preston's use of Larrabee's credit card was captured on video surveillance equipment, and he was identified by Dogro. Preston testified he used the credit card and he doesn't "use [his] last name when [he] use[s], like, my mom (sic) card or somebody else's, 'cause they always – when they see it, they be like, 'Can I see I.D.' or something." (Tr. at 261.) His act of signing a name other than his own when using a card for which he had no authority constitutes forgery. *See* Ind. Code 35-42-5-2(a)(1)(D) (forgery occurs when one "makes . . . a written instrument in such a manner that it purports to have been made by authority of one who did not give authority"); *see also Green v. State*, 945 N.E.2d 205, 208 (Ind. Ct. App. 2011) (signing a credit card receipt in such a manner that it appears to have been signed by someone else is forgery). Preston's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence on appeal).

## Conclusion

[10] The evidence was sufficient to support Preston's convictions; therefore, we affirm.

[11] Affirmed.

Crone, J., and Bradford, J., concur.