## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2016, 9:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Beckman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 30, 2016<br><br>Court of Appeals Case No.<br>46A03-1510-CR-1773<br><br>Appeal from the LaPorte Superior Court<br><br>The Honorable Michael S. Bergerson, Judge<br><br>Trial Court Cause No.<br>46D01-1504-F3-298 |

**Najam, Judge.**

# Statement of the Case

Christopher Beckman appeals his conviction for aggravated battery, as a Level 3 felony, and his sentence following a jury trial.[1] Beckman raises three issues for our review, which we restate as follows:

> 1. Whether Beckman preserved for appellate review his argument that the trial court abused its discretion when it admitted the medical records of his victim;
>
> 2. Whether the State presented sufficient evidence to support Beckman's conviction; and
>
> 3. Whether the trial court abused its discretion when it sentenced Beckman.

We affirm.

# Facts and Procedural History

On March 31, 2015, Beckman got into an argument with Daniel Mashburn, who was seeing a former girlfriend of Beckman's, at a local church. Following the argument, Beckman confronted Mashburn in an adjacent parking lot. Beckman removed a box cutter from his clothing and used it to attack Mashburn. The pastor of the church, James A. Cross, Jr., observed Beckman

---

[1] The jury also found Beckman guilty on two lesser charges of battery, for which the trial court initially entered judgments of conviction. However, in its sentencing statement, the trial court clarified that the lesser convictions "are hereby merged into the judgment of conviction" for aggravated battery, as a Level 3 felony. Appellant's App. at 197. We interpret that statement to mean that the trial court vacated Beckman's lesser convictions for battery as alleged in Counts II and III.

attacking Mashburn with the box cutter and broke up the fight. A neighbor, Lindsey Jankowski, also observed Beckman attacking Mashburn with the box cutter, and she called police and described Beckman to them. Beckman fled the scene when he heard the police cars nearby, but officers apprehended him about ten blocks away shortly thereafter.

[4] The officer who escorted Beckman to the police station asked Beckman if Beckman's heavy cough was tuberculosis, and Beckman responded that it was not, "unless I caught something when I cut him open." Tr. at 296-97. Later, Beckman asked a member of the jail's staff where his glasses were. The staff member suggested they may have been taken as evidence, to which Beckman responded, "possibly, I tried to cut his head off." *Id.* at 404.

[5] Mashburn was transported to the emergency room at St. Anthony Memorial Hospital in Michigan City. According to his medical records, Mashburn reported that he had been attacked with a box cutter. Mashburn had severe lacerations on his head and face. The lacerations on his head were likely to scar, but the six centimeter long laceration on his face was described by Mashburn's treating nurse as "[c]ertain[]" to scar. *Id.* at 371.

[6] The State charged Beckman, in relevant part, with aggravated battery, as a Level 3 felony, and for being a habitual offender. A jury found him guilty of battery, as a Level 3 felony. Thereafter, Beckman pleaded guilty to being a habitual offender. The court entered its judgment of conviction accordingly

and sentenced Beckman to an aggregate term of twenty-six years in the Department of Correction. This appeal ensued.

## Discussion and Decision

### *Issue One: Admission of Medical Records*

Beckman first asserts that the trial court abused its discretion when it admitted Mashburn's medical records as evidence because those records contained hearsay from Mashburn that he had been cut with a box cutter. But we agree with the State that Beckman has not preserved this issue for appellate review.

"[T]he failure to make a contemporaneous objection to the admission of evidence at trial, so as to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced, results in waiver of the alleged error on appeal." *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000). Further, a party may not object on one ground at trial and rely on a different argument on appeal. *Small v. State*, 736 N.E.2d 742, 747 (Ind. 2000).

Here, when the State sought to introduce Mashburn's medical records, Beckman's counsel objected and initially suggested that the records were inadmissible hearsay. However, when pressed by the trial court, Beckman's counsel clarified that his objection to Mashburn's medical records was not that they contained hearsay but that the State had failed to lay a proper foundation for the admission of the records, and that the State's suggested exception to the general rule prohibiting the admission of hearsay could be met only if the

proper foundation for the records was established. Tr. at 348, 352. The State responded by calling Mashburn's treating nurse as a witness to establish that foundation. *Id.* at 353. In response to the nurse's testimony, when the State sought to formally introduce Mashburn's medical records as evidence, Beckman's counsel responded that he had no objection. *Id.* at 360.

[10] We conclude that Beckman's argument on appeal that the medical records were inadmissible hearsay was not properly preserved in the trial court. Beckham objected in the trial court on foundation grounds, not on grounds that the records were inadmissible hearsay, and apparently withdrew his objection in response to the testimony from the State's ensuing witness. As Beckman's appellate argument is not properly before us, we will not consider it.

## Issue Two: Sufficient Evidence

[11] Beckman also argues that the State failed to present sufficient evidence to support his conviction for aggravated battery, as a Level 3 felony. Our standard for reviewing the sufficiency of the evidence needed to support a criminal conviction is as follows:

> First, we neither reweigh the evidence nor judge the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Second, we only consider "the evidence supporting the [verdict] and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "It is the job of

the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling." *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005) (citations omitted).

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015). To demonstrate aggravated battery, as charged here, the State was required to show that Beckman's attack on Mashburn resulted in a serious permanent disfigurement to Mashburn. *See* Ind. Code § 35-42-2-1.5(1) (2014). On appeal, Beckman challenges only whether the State presented sufficient evidence to show that his attack left Mashburn with a serious permanent disfigurement.

[12] The State presented sufficient evidence to support Beckman's conviction. As we have explained: "We have defined 'permanent' as 'continuing or enduring without fundamental or marked change' and 'disfigure' as: 'to make less complete, perfect or beautiful in appearance or character: deface, deform, mar.'" *Cornelious v. State*, 988 N.E.2d 280, 283 (Ind. Ct. App. 2013) (quoting *James v. State*, 755 N.E.2d 226, 230 (Ind. Ct. App. 2001), *trans. denied*), *trans. denied*. In *Cornelious*, we held that the State presented sufficient evidence of serious permanent disfigurement when it demonstrated that the defendant's attack left his victim with a serious, permanent facial scar. *Id.* Here, Mashburn's treating nurse testified that it was "[c]ertain[]" that the six-centimeter long wound on Mashburn's face would scar. Tr. at 371. We hold that this evidence was sufficient to demonstrate serious permanent

disfigurement and to support his conviction for aggravated battery, as a Level 3 felony.

## *Issue Three: Sentencing*

Finally, Beckman asserts that the trial court abused its discretion when it sentenced him because the court did not give sufficient mitigating weight to his guilty plea. But the Indiana Supreme Court has made clear that the weight assigned or not assigned by the trial court to mitigating factors is not appealable. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Accordingly, we reject this argument. Further, while Beckman alternatively claims to make an argument under Indiana Appellate Rule 7(B), his only actual argument on appeal is that the trial court erred in its weighing of the guilty plea mitigator. Accordingly, he has forfeited any review of his sentence under Rule 7(B). *See, e.g.*, *Sandleben v. State*, 29 N.E.3d 126, 135-36 (Ind. Ct. App. 2015), *trans. denied*.

## *Conclusion*

In sum, we affirm Beckman's conviction and sentence.

Affirmed.


Robb, J., and Crone, J., concur.