**John HAVERSTICK, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 29A02–9411–CR–688.

Court of Appeals of Indiana, First District.

March 31, 1995.

---

Frank J. Pope, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

John Haverstick appeals his conviction, after a trial before the bench, of Criminal Mischief, a class B misdemeanor. Haverstick raises three issues, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to the judgment reveal that Haverstick and some friends threw toilet paper into some trees (toilet-papered the trees) in the front yard of a house in Carmel, Indiana. Additional facts are supplied as necessary.

## DECISION

### I.

Whether the trial court erred in denying Haverstick's motion to suppress an incriminating statement made to police?

■ When the police converged upon the scene, the perpetrators fled. Some of the perpetrators were soon apprehended and told the police that Haverstick had also been involved. After searching the area, and receiving a telephone tip, some two and one-half hours later the police found and apprehended Haverstick not far from the house. The police took Haverstick into custody and transported him to the police station, where he was given his Miranda warnings and he signed a waiver of his rights. Upon police interrogation, Haverstick made a statement implicating himself in the crime.

Haverstick argues the police lacked probable cause to arrest him. At trial, he moved the court to suppress any evidence obtained after his arrest and argues the trial court erred in denying his motion.

■ Even if Haverstick's arrest were illegal, the suppression of his incriminating statement does not necessarily follow. The relevant inquiry is:

whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.

*Snellgrove v. State* (1991), Ind., 569 N.E.2d 337, 341 (quoting *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963)). Several factors are to be considered in determining whether the statements made subsequent to an illegal arrest are an act of free will sufficient to purge the primary taint or are the product of the illegal arrest and thus not admissible. 569 N.E.2d at 341. These factors include Miranda warnings, the temporal proximity of the arrest to the confession, the presence of intervening circumstances, and particularly, the purpose and the flagrancy of the official misconduct. *Id.* at 342. The voluntariness of the statement is a threshold requirement. *Id.*

In the present case, Haverstick made the incriminating statement at the police station after having been Mirandized and after having signed a waiver of rights form. Even assuming the arrest had been illegal, any misconduct on the part of the police was not flagrant. The police officer involved testified that he believed he had been entitled to arrest Haverstick without a warrant because the perpetrators of the crime had fled the police when they had come upon the crime scene (Fleeing Police, a misdemeanor, committed in the police officers' presence).

The totality of the circumstances assures us that Haverstick's statement was made voluntarily and was not the fruit of an illegal arrest. Therefore, we find no error in the admission of the incriminating statement.

### II.

Whether "toilet-papering" trees constitutes criminal mischief?

■ Criminal Mischief is defined under Ind.Code 35–43–1–2(a) as: A person who:

(1) Recklessly, knowingly, or intentionally, damages or defaces property of another person without the other person's consent; ... commits criminal mischief, ...

Haverstick argues that toilet-papering the trees did not damage or deface any property.

Deface is defined as "to mar the external appearance of." *See* Webster's Ninth New Collegiate Dictionary (1989). Black's Law Dictionary (5th Ed.1979) defines "deface" as simply "to mar, injure, or spoil."

Mar is defined as "to detract from the perfection or wholeness of." Webster's Ninth New Collegiate Dictionary (1989). The definition of "mar" in Black's Law Dictionary (5th ed. 1979) includes "deface."

We hold that "toilet-papering" trees detracts from the perfection or wholeness of the external appearance of trees so as to constitute the crime of Criminal Mischief as proscribed under I.C. 35–43–1–2. Therefore, we find no error.

### III.

Whether the evidence was sufficient?

When reviewing the sufficiency of evidence, the reviewing court will neither reweigh evidence nor judge the credibility of witnesses. *Tunstill v. State* (1991), Ind., 568 N.E.2d 539, 541. The court on review will affirm the conviction if the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom provide probative evidence from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Id.*

Haverstick's confederates implicated him in the crime. Moreover, the police asked Haverstick why he toilet-papered the house. In response, Haverstick stated that he did not know, that he had no reason, and that he was just with a bunch of friends. Haverstick's response was a tacit admission. *See Hughes v. State* (1989), Ind., 546 N.E.2d 1203, 1207.

The evidence is sufficient. Therefore, we find no error.

Judgment affirmed.

NAJAM, J., concurs.

CHEZEM, J., concurs in result.