

IN THE

# Court of Appeals of Indiana

Jarren Duff,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



**FILED**

Jun 22 2026, 9:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

June 22, 2026

Court of Appeals Case No.
25A-CR-2787

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49D21-2412-F3-35691

**Opinion by Chief Judge Tavitas**
Judges Weissmann and Foley concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] Jarren Duff was convicted of aggravated battery, a Level 3 felony, and battery resulting in moderate bodily injury, a Level 6 felony. On appeal, Duff argues that the State presented insufficient evidence to support his conviction for aggravated battery, that the trial court abused its discretion in sentencing him, and that his sentence is inappropriate. We disagree and, accordingly, affirm.

## Issues

[2] Duff raises three issues on appeal, which we restate as:

> I. Whether sufficient evidence supports Duff's conviction for aggravated battery.
>
> II. Whether the trial court abused its discretion when it sentenced Duff.
>
> III. Whether Duff's sentence is inappropriate in light of the nature of the offense and Duff's character.

## Facts

[3] Billy Brown, the assistant manager at a Walgreens in Indianapolis, hired Duff as a customer service associate in late November 2024. Duff arrived late on his first day, and Brown advised Duff that he would be terminated if he arrived late three times. Duff arrived late a second time and then missed a shift without calling in, a "no call, no show." Tr. Vol. II p. 9. When Duff arrived at work on

December 10, 2024, he approached Brown in an aisle and asked where Brown wanted him to work that day. Brown informed Duff that he was terminated because of his poor attendance, and Duff argued that he had not been scheduled on the day he missed work.

[4] Duff refused to leave the store, and Brown called the police to have Duff removed. Duff told Brown that he would leave if Brown showed him on the posted schedule that he was scheduled on the day he missed work. Brown agreed and led Duff to the back office to view the schedule.

[5] After viewing the schedule, Duff asked Brown if he should return his badge. Brown said yes, and Duff then smacked Brown across the face with the badge in his hand. Brown grabbed Duff by the arm and tried to pull him out of the break room and into the store where there were cameras and other employees. Brown was unsuccessful, and Duff began to swing at Brown, hitting him repeatedly on the face, head, and chest. Brown fell to the floor, and Duff repeatedly kicked him on the ribs and struck him around the head, face, and neck. Duff got on top of Brown and continued to hit him.

[6] Buddy Dickerson, an employee working in the store, heard a loud crashing noise from the break room. Dickerson went into the break room and attempted to pull Duff off Brown. Duff then turned and began to strike Dickerson while Brown was still on the floor. Brown told Dickerson to let Duff leave, Dickerson moved out of the way, and Duff left the building.

[7] Once the police arrived, they called an ambulance, and Dickerson was taken to a nearby hospital. Dickerson suffered four broken bones around his right eye and facial bruises. Dickerson was hospitalized for four days, and he had surgery two days after the attack. The surgeon put plates and screws above and below his right eye—two plates and four screws in total. The plates and screws will never be removed. Dickerson has scars from the incision under his right eye and on eyebrow, but the scars are not readily visible. At the time of trial, Dickerson still needed crowns for a few broken teeth.

[8] Although he did not seek medical attention, Brown had facial bruises and swelling. Brown believed, from past experience, that he had broken ribs; he had rib pain for six weeks after the attack.

[9] On December 16, 2024, the State charged Duff with Count I, aggravated battery, a Level 3 felony, for causing "serious permanent disfigurement" to Dickerson; and Count II, battery resulting in moderate bodily injury, a Level 6 felony, for the injuries to Brown. Appellant's App. Vol. II p. 18. On July 31, 2025, the State amended the charges to include Count III, aggravated battery, a Level 3 felony, for causing "protracted loss or impairment of the function of a bodily member or organ, to-wit: head and/or face and/or jaw and/or teeth" of Dickerson. *Id.* at 109.

[10] At the bench trial on September 5, 2025, Duff maintained that he acted in self-defense. The trial court rejected this claim and found Duff guilty of Counts I and II. The trial court vacated Count III due to double jeopardy concerns.

[11] At the sentencing hearing, the trial court found two aggravating factors: (1) the harm was greater than necessary to prove the elements of the crime; and (2) one of the victims, Dickerson, was cognitively impaired. As to mitigating factors, the trial court found that: (1) the crime was unlikely to recur; (2) Duff had no criminal record; and (3) Duff was likely to respond to short-term imprisonment or probation. The trial court found that the mitigating factors outweighed the aggravating factors.[1]

[12] On Count I, the trial court sentenced Duff to eight years, with six years executed in the Department of Correction and two years suspended to probation. On Count II, the trial court sentenced Duff to a consecutive term of one year. Duff's aggregate sentence, thus, is nine years with two years suspended to probation. Duff now appeals.

## Discussion and Decision

### I. The State presented sufficient evidence to support Duff's conviction for aggravated battery.

[13] Duff argues that the State presented insufficient evidence to support his conviction for aggravated battery. Sufficiency of the evidence claims warrant a deferential standard of review in which we "neither reweigh the evidence nor judge witness credibility, instead reserving those matters to the province of the

---

[1] "[T]he trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . ." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *as amended* (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[fact-finder]." *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024). A conviction is supported by sufficient evidence if "there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* In conducting this review, we consider only the evidence that supports the fact-finder's determination, not evidence that might undermine it. *Id.* We affirm the conviction "'unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.'" *Sutton v. State*, 167 N.E.3d 800, 801 (Ind. Ct. App. 2021) (quoting *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007)).

[14] The trial court convicted Duff of aggravated battery pursuant to Indiana Code Section 35-42-2-1.5, which provides: "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; . . . commits aggravated battery, a Level 3 felony. . . ." Duff argues that the evidence the State presented failed to establish that the injury to Dickerson caused serious permanent disfigurement. Duff makes two arguments: the permanent plates installed around Dickerson's eye did not cause visible scarring, so the injury is not a disfigurement, and crowns could fix Dickerson's broken teeth, so the injury is not permanent.

[15] Although the legislature has never defined the term, this Court has defined "'permanent'" as "'continuing or enduring without fundamental or marked

change,'" and "'disfigure'" as "'to make less complete, perfect, or beautiful in appearance or character: deface, deform, mar.'" *Cornelious v. State*, 988 N.E.2d 280, 283 (Ind. Ct. App. 2013) (quoting *James v. State*, 755 N.E.2d 226, 230 (Ind. Ct. App. 2001)). In *Haverstick v. State*, this Court defined "mar" as "to detract from the perfection or wholeness of." 648 N.E.2d 399, 401 (Ind. Ct. App. 1995) (quoting *Mar*, Webster's New Collegiate Dictionary (9th ed. 1989)).

[16]     We find that the altered bone structure and permanent plates installed around Dickerson's eye constitute a serious permanent disfigurement, even without evidence of visible scarring. Disfigurement is based on whether a person is physically less complete or whole, not whether that change is revealed to others by external scarring. Dickerson was marred because the bone structure surrounding his eye was altered from its complete and whole condition.

[17]     We also find that the damage to Dickerson's teeth constitutes a serious permanent disfigurement. In *James*, this Court found that the State's evidence that the victim was fitted with fake teeth and had a hole in his gumline was sufficient to prove serious permanent disfigurement. 755 N.E.2d at 229. As with the victim's teeth in *James*, Dickerson's teeth will not heal. Even if crowns could maintain Dickerson's ability to use the broken teeth, the underlying damage to the teeth constitutes a permanent injury.

[18]     Duff's argument is merely a request for us to reweigh the evidence, which we cannot do. The trial court could have reasonably found that Dickerson's

injuries caused him to become seriously permanently disfigured. Sufficient evidence supports Duff's conviction for aggravated battery.

## II. The trial court did not abuse its discretion when it sentenced Duff.

[19] Duff argues that the trial court abused its discretion when considering the mitigating and aggravating factors and rejecting Duff's testimony that he acted in self-defense. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer*, 868 N.E.2d at 490 (citing *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002)); *Phipps v. State*, 90 N.E.3d 1190, 1197 (Ind. 2018). "An abuse occurs only if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Schuler v. State*, 132 N.E.3d 903, 904 (Ind. 2019) (citing *Rice v. State*, 6 N.E.3d 940, 943 (Ind. 2014)).

[20] A trial court abuses its discretion in a number of ways, including:

> (1) "failing to enter a sentencing statement at all"; (2) entering a sentencing statement in which the aggravating and mitigating factors are not supported by the record; (3) entering a sentencing statement that does not include reasons that are clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement in which the reasons provided in the statement are "improper as a matter of law."

*Ackerman v. State*, 51 N.E.3d 171, 193 (Ind. 2016) (quoting *Anglemyer*, 868 N.E.2d at 490-91).

"This Court presumes that a court that conducts a sentencing hearing renders its decision solely on the basis of relevant and probative evidence." *Schuler*, 132 N.E.3d at 905. Even when an abuse of discretion occurs, "[w]e will not remand for resentencing if we can say with confidence the trial court would have imposed the same sentence had it not considered the purportedly erroneous aggravators." *Owen v. State*, 210 N.E.3d 256, 269 (Ind. 2023).

On appeal, Duff contends that the trial court abused its discretion when assessing the aggravating and mitigating factors. Here, the trial court recognized as mitigating that the crime was unlikely to recur. In discussing this mitigator, the trial court noted: (1) two people wrote letters supporting that these acts were outside Duff's character; (2) the pre-sentencing report indicated that Duff was a low risk to re-offend; and (3) the trial court's own belief that Duff lied when he testified that he acted in self-defense and that Duff believed he acted entirely reasonably. The trial court's discussion of Duff's response to the situation and his self-defense argument was part of this weighing process. Ultimately, the trial court appropriately exercised its discretion when it found that the likelihood of recurrence was a mitigating factor.

The trial court did not find that Duff's maintenance of his innocence was either an aggravator or a mitigator.[2] Rather, the trial court merely discussed this in

---

[2] To the extent that Duff argues that the trial court erred by considering Duff's self-defense argument as an aggravator, the record does not reflect that the trial court did so. The discussion of Duff's self-defense testimony was encompassed within the trial court's consideration of whether the crime was likely to recur.

the context of determining the weight to give the mitigating factor that the crime was unlikely to recur. Our Supreme Court, however, has held that "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491. Accordingly, we cannot say the trial court abused its discretion.

## III. Duff's sentence is not inappropriate.

[24] Next, Duff argues that his sentence is inappropriate. The Indiana Constitution authorizes independent appellate review and revision of sentences imposed by a trial court. *Lane v. State*, 232 N.E.3d 119, 122 (Ind. 2024) (citing Ind. Const. art. 7, §§ 4, 6). This authority, as implemented through Indiana Appellate Rule 7(B), enables this Court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Deference to the trial court's sentence should prevail unless" overcome by compelling evidence portraying in a positive light the nature of the offense and the defendant's character." *Oberhansley v. State*, 208 N.E.3d 1261, 1267 (Ind. 2023) (internal quotations omitted). A defendant need not show that both the nature of the offense **and** his or her character warrant revision; however, "to the extent the evidence on one prong militates against relief, a claim based on the other prong must be all the stronger to justify relief." *Lane*, 232 N.E.3d at 127 (citing *Connor v. State*, 58 N.E.3d 215, 220 (Ind. Ct. App. 2016)).

[25] Additionally, in determining whether a sentence is inappropriate, we are not limited to the aggravating and mitigating circumstances found by the trial court. *Oberhansley*, 208 N.E.3d at 1271. "Our role is primarily to leaven the outliers and identify guiding principles for sentencers, rather than to achieve the perceived correct result in each case." *Lane*, 232 N.E.3d at 122 (internal quotations omitted). "Ultimately, we rely on our collective judgment as to the balance of all the relevant considerations involved, which include the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. (internal quotations omitted).

[26] "In considering the nature of the offense we recognize the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Kelly v. State*, 257 N.E.3d 782, 805 (Ind. 2025). In the case at hand, Duff was convicted of a Level 3 felony and a Level 6 felony. Indiana Code Section 35-50-2-5(b) provides: "A person who commits a Level 3 felony . . . shall be imprisoned for a fixed term between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." The trial court sentenced Duff to eight years with two years suspended to probation, which is less than the advisory sentence. Indiana Code Section 35-50-2-7(b) provides: "A person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." The trial court sentenced Duff to one year for this offense, which is the advisory sentence.

### Nature of the Offense

Our analysis of the "nature of the offense" requires us to look at the extent, brutality, and heinousness of the offense. *Pritcher v. State*, 208 N.E.3d 656, 668 (Ind. Ct. App. 2023) (citing *Brown v. State*, 10 N.E.3d 1, 5 (Ind. 2014)). "And given that sentencing 'is principally a discretionary function in which the trial court's judgment should receive considerable deference[,]' a trial court's sentencing decision will generally prevail 'unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as [being] accompanied by restraint, regard and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character).'" *Konkle v. State*, 253 N.E.3d 1068, 1093 (Ind. 2025) (quoting *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015)).

Duff argues that this situation was unique and that it is unlikely to recur. We, however, find that Duff's attack against Dickerson was brutal. Dickerson had to undergo surgery, have plates and screws installed to repair broken bones in his face, and have crowns installed on his broken teeth. Brown experienced pain for six weeks after the attack. Dickerson's and Brown's testimony indicated that Duff attacked Dickerson repeatedly. The attacks were unprovoked, and neither Dickerson nor Brown defended himself. This does not demonstrate the restraint required to portray Duff's offense in a positive light.

**Character of the Offender**

[29] Our analysis of the character of the offender involves a broad consideration of a defendant's qualities, including the defendant's age, criminal history, background, past rehabilitative efforts, and remorse. *See Harris v. State*, 165 N.E.3d 91, 100 (Ind. 2021); *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020). Duff was twenty-nine years old at the time of sentencing and had no criminal history prior to this case. In its sentencing decision, the trial court recognized as mitigating factors that Duff was unlikely to reoffend and that he had no prior criminal history.

[30] Given Duff's lack of restraint while committing the offense, however, we cannot find a basis to conclude that the trial court's imposition of Duff's sentence was inappropriate. The trial court considered Duff's lack of criminal history when it sentenced him to less than the advisory sentence on Count I and the advisory sentence on Count II. Accordingly, we find that Duff's sentence is not inappropriate.

## Conclusion

[31] We conclude that the State presented sufficient evidence to support Duff's conviction for aggravated battery. The trial court did not abuse its discretion in sentencing Duff, and his sentence is not inappropriate. Accordingly, we affirm.

[32] Affirmed.


Weissmann, J. and Foley, J., concur.

ATTORNEY FOR APPELLANT

Jan B. Berg
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Eva V. Schmitt
Deputy Attorney General
Indianapolis, Indiana